IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISSAREEPORN LARKSUKTOM a/k/a ISSAREEPORN SWEENEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-2596-K-BN |
| | § | |
| SEAN ANTHONY MALECHA, Acting U.S. Marshal, Northern District of Texas, and JOHNSON COUNTY SHERIFF ADAM KING (OR ACTING SUCCESSOR), | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Through counsel, Petitioner Issareeporn Larksuktom a/k/a Issareeporn Sweeney ("Larksuktom" or "Sweeney") filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 challenging two rulings in her extradition proceeding: (1) that she is extraditable to Thailand and (2) that she should now be detained under 18 U.S.C. § 3184. *See* Dkt. No. 1; *see also generally Matter of Extradition of Larksuktom*, ___ F. Supp. 3d ____, No. 3:26-mj-215-BW, 2026 WL 1786771 (N.D. Tex. June 22, 2026).

United States District Judge Ed Kinkeade referred this habeas proceeding to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Solely as to the issue of detention, the Court ordered expedited briefing. *See* Dkt. No. 6. And a response and reply were filed. *See* Dkt. Nos. 8, 9, & 11.

And, for the reasons set out below, the undersigned recommends that the Court deny the habeas application solely as to Sweeney's request that the Court reverse the detention decision of the Extradition Court and order her immediate release from detention.

**Legal Standards**

The Court must begin its consideration of Sweeney's request for post-certification release based on the nature of habeas, which "is not shorthand for direct review" and under which a court lacks "broad authority to grant relief." *Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) (cleaned up).

That is, the Extradition Court ordered that Sweeney could not be released on bail post-certification. *See Larksuktom*, 2026 WL 1786771, at *7-*10.

But "the correctness of [that] order" is not "comprehensively and directly before" this Court on habeas review. *Zalawadia*, 371 F.3d at 299.

And, so, "review of the findings of a court which conducted an extradition hearing is extremely limited." *Garcia-Guillern v. United States*, 450 F.2d 1189, 1191 (5th Cir. 1971); *accord Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) ("That writ as has been said very often cannot take the place of a writ of error. It is not a means for rehearing what the magistrate already has decided. The alleged fugitive from justice has had his hearing."); *Escobedo v. United States*, 623 F.2d 1098, 1101 (5th Cir. 1980) ("The writ is not a means for rehearing the magistrate's findings." (citing *Fernandez*, 268 U.S. at 312; *Garcia-Guillern*, 450 F.2d at 1191-92)).

In general, such collateral review in the extradition context "is limited to a

determination of (1) whether the extradition judge had jurisdiction, (2) whether the offense charged is 'within' the applicable treaty, and (3) whether there was 'any evidence' warranting the judge's finding that reasonable grounds exist to believe the fugitive is guilty." *Risner v. Fowler*, No. 3:19-cv-3078-N-BT, 2020 WL 4340954, at *1 (N.D. Tex. May 18, 2020) (citing *Fernandez*, 268 U.S. at 312; *Escobedo*, 623 F.2d at 1101; *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1163 (11th Cir. 2005)), *rec. accepted*, 2020 WL 4339486 (N.D. Tex. July 27, 2020).

And, more applicable to a review of the Extradition Court's conditional-release determination, a habeas court "accord[s] a presumption of validity to a judgment on collateral review." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

And, so, Sweeney "bears the burden to show by a preponderance of evidence that [she] is held contrary to the Constitution, law, or the treaties of the United States," *Risner*, 2020 WL 4340954, at *1 (citing *Skaftouros*, 667 F.3d at 158 (2d Cir. 2011) (citing in turn *Parke v. Raley*, 506 U.S. 20, 31 (1992); *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

Which means that the issue now before the Court is not whether Sweeney could or should be released on conditions post-certification but whether the Extradition Court's determination not to release her means that Sweeney currently "is 'in custody in violation of the Constitution or laws or treaties of the United States,' which, in this context, will typically mean in violation of the federal extradition statute, 18 U.S.C. § 3184, or the applicable extradition treaty." *Skaftouros*, 667 F.3d at 158 (quoting 28 U.S.C. § 2241(c)(3)); *cf. Risner v. Fowler*, 458 F. Supp. 3d 495 (N.D. Tex. 2020) (where

such release was not first addressed by the extradition court, extradition-habeas court took up issue of post-certification release in the first instance – not under the limitations imposed by habeas review).

**Analysis**

As the Extradition Court explained,

> [a]fter a bail hearing on April 17, [2026,] the Court found that Larksuktom established her releasability by clear and convincing evidence and additionally showed exceptional circumstances warranting release during these extradition proceedings. The Court authorized Larksuktom's release on conditions that included a home curfew and electronic monitoring. No allegation has been made that she has violated any of the conditions imposed.
>
> After concluding at the June 18 hearing that the government established Larksuktom's eligibility for extradition, the Court revoked her release and ordered that she be taken into custody. In doing so, the Court expressed agreement with the government's argument that it is not authorized to release a person on bail once the certification of extraditability has been made.

*Larksuktom*, 2026 WL 1786771, at *7.

The Extradition Court then set out its analysis to support its ultimate determination – which it admitted is the minority view of other courts to have considered the issue – that Section 3184 "speaks in mandatory terms with respect to post-certification detention." *Id.* at *7.

The Extradition Court first rejected Sweeney's reliance on 18 U.S.C. § 3188 by determining that "allowing for discretionary release when extradition takes too long does not imply that the post-certification detention mandated by § 3184 is discretionary from the outset." *Id.* at *8.

The Extradition Court then tackled the authority that it chose not to follow.

> [T]he jurisprudence on this issue has been accurately described as a slew

> of lower court decisions holding that bail is permitted in extradition cases post-certification. The Fifth Circuit has not spoken on this issue, however, and these lower court decisions do not bind this Court, even if they collectively comprise a slew. And, to the extent they embrace the majority position merely because it is held by a majority, the Court declines to follow suit. After more thoughtfully considering the issue, the Court remains firm in its conclusion that § 3184's mandate for detention controls in this circumstance. The Court declines to follow the majority position otherwise because it is premised on a fundamental misunderstanding of the Supreme Court's seminal decision in *Wright v. Henkel*, 190 U.S. 40 (1903)[, itself a pre-certification case].

*Id.* at *8-*9 (cleaned up).

Examining *Wright*, the Extradition Court found that "[a] closer examination … demonstrates that it did not grant courts license to ignore a statute's mandate for detention when it applies"; that "[c]ourts that consider *Wright* equally controlling in the pre- and post-certification context do so based on its reference to a then-existing statute[, § 5270 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3591), ]that mirrored § 3184 in prohibiting post-certification bail"; that, "[b]ased on [a single] sentence, courts read *Wright* as holding that the inherent authority for release is the same before and after certification, regardless the terms of any statute"; that "[r]ecognizing a court's authority to grant bail in the absence of an empowering statute is far different from bestowing authority to grant bail where a statute prohibits it"; that "*Wright* did the former" by holding "that a court has a common law authority to grant release even though the same reasons animating Congress's decision to eliminate that power in § 5270 are generally applicable in the pre-certification context"; and that, at the end of the analysis, *Wright* "did not hold that a court continues to possess authority to grant release even when it has been specifically *divested* by statute." *Id.* at *9-*10 (cleaned up)).

And, while Sweeney certainly disagrees with the position taken by the Extradition Court, she has not shown by a preponderance that the Extradition Court's stance – "that, after having certified [her] for extradition, it [is unable to] continue her bail based on the special circumstances previously found," because, "[t]o do so would contravene" the federal extradition statute, *id.* at *10 – has resulted in her now being held in custody in violation of the Constitution or Section 3184 (or any other federal law) or any applicable treaties.

In other words, habeas review does not allow the Court to second guess the Extradition Court, even if it were to not agree with that court's conclusion. So Sweeney has no relief under habeas where she fails to show by a preponderance that the Extradition Court's decision violates the Constitution or federal law. And, as set out above, the Extradition Court, confronted with no controlling authority, relied on a reasonable interpretation of the federal extradition statute and Supreme Court precedent to reach its conclusion. And, so, the undersigned cannot find that Sweeney is now in custody in violation of the Constitution or federal law.

**Recommendation**

The Court should deny the habeas application solely as to Petitioner Issareeporn Larksuktom a/k/a Issareeporn Sweeney's request that the Court reverse the detention decision of the Extradition Court and order her immediate release from detention.

The undersigned will enter a separate order as to briefing on the balance of relief requested by the habeas application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2026



DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE